UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICHARD P. GAMBINO, as he is ADMINISTRATOR, ELECTRICAL WORKERS' HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' SUPPLEMENTARY HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' JOINT APPRENTICE AND TRAINING FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' EDUCATIONAL AND CULTURAL FUND; LAWRENCE J. BRADLEY, as he is EXECUTIVE SECRETARY-TREASURER, NATIONAL ELECTRICAL BENEFIT FUND,
    Plaintiffs,

vs.

TRI-STATE SIGNAL, INC.,
    Defendant,

and

MIDDLESEX SAVINGS BANK,
    Trustee.

C.A. No.

## VERIFIED COMPLAINT

### NATURE OF ACTION

1.    This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and pursuant to §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligation to pay fringe benefit

contributions and interest due to the plans under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2.      The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §1132(a), (e) and (f), and §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.      Plaintiff Richard P. Gambino is the Administrator of the Electrical Workers' Health and Welfare Fund, Local 103, I.B.E.W. Richard P. Gambino is a fiduciary within the meaning of §3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A). The Electrical Workers' Health and Welfare Fund, Local 103, I.B.E.W. is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

4.      Plaintiff Richard P. Gambino is the Administrator of the Electrical Workers' Pension Fund, Local 103, I.B.E.W. Richard P. Gambino is a fiduciary within the meaning of §3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A). The Electrical Workers' Pension Fund, Local 103, I.B.E.W. is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

5.      Plaintiff Richard P. Gambino is the Administrator of the Electrical Workers' Supplementary Health and Welfare Fund, Local 103, I.B.E.W. Richard P. Gambino is a fiduciary within the meaning of §3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A). The Electrical Workers' Supplementary Health and Welfare Fund, Local 103, I.B.E.W. is an "employee welfare

benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

6. Plaintiff Richard P. Gambino is the Administrator of the Electrical Workers' Deferred Income Fund, Local 103, I.B.E.W. Richard P. Gambino is a fiduciary within the meaning of §3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A). The Electrical Workers' Deferred Income Fund, Local 103, I.B.E.W. is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

7. Plaintiff Richard P. Gambino is the Administrator of the Electrical Workers' Joint Apprenticeship and Training Trust Fund, Local 103, I.B.E.W. Richard P. Gambino is a fiduciary within the meaning of §3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A). The Electrical Workers' Joint Apprenticeship Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

8. Plaintiff Richard P. Gambino is the Administrator of the Electrical Workers' Educational and Cultural Fund, Local 103, I.B.E.W. The Electrical Workers' Educational and Cultural Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

9. Plaintiff Lawrence J. Bradley is the Executive Secretary-Treasurer of the National Electrical Benefit Fund. Lawrence J. Bradley is a fiduciary within the meaning of §3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A). The National Electrical Benefit Plan is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 2400 Research Boulevard, Suite #500, Rockville, Maryland.

10. The Health and Welfare, Pension, Supplementary Health and Welfare, Deferred Income, Joint Apprenticeship and Training Fund, and National Electrical Benefit Fund are multi-employer plans within the meaning of §3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A). They are hereinafter collectively referred to as "the Funds."

11. Defendant Tri-State Signal, Inc. (hereinafter "Tri-State") is a Massachusetts corporation with a principal place of business at 111 Crescent Avenue, Chelsea, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

12. Upon information and belief, Middlesex Savings Bank is a banking institution holding assets of the Defendant.

## GENERAL ALLEGATIONS OF FACT

13. On or about March 5, 1999, Tri-State signed a Letter of Assent authorizing the Boston Chapter, NECA as its collective bargaining representative for all matters contained in, or pertaining to, the then current and any subsequent collective bargaining agreements between Boston Chapter, NECA and Local Union, 103, I.B.E.W (the "Union"). A copy of Tri-State's signed agreement ("Letter of Assent") is attached hereto as Exhibit A.

14. Tri-State has been a party to successive collective bargaining agreements, including the agreement which is currently effective for the period September 1, 2006 through August 31, 2011, a copy of which is attached hereto as Exhibit B ("NECA Agreement").

15. The NECA Agreement, like its predecessor agreements, requires signatory employers to make contributions to Plaintiff Funds for each hour worked by covered employees. The NECA Agreement specifies the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked and specifies further that these amounts are to be paid by the 15th of

the subsequent month. The NECA Agreement also specifies that working dues are to be deducted from the pay of each employee and forwarded to the Funds. The Funds and the Union have a separate agreement which allows the Funds to collect the working dues on behalf of the Union.

16. Section 502(g)(2) of ERISA mandates that a signatory contractor such as Tri-State pay interest using the rate provided under the relevant plan, if applicable. 29 U.S.C. §1132(g)(2). Here, Section 6.37(f) of the NECA Agreement provides that a delinquent fee must be paid for all payments made after the 15th of the month. The Trustees of the Funds have determined that the delinquent fee to be charged on the late payment of contributions be set at 1.5 percent per month. See Funds' Collection Policy, §4.05, attached hereto as Exhibit C.

17. Tri-State has failed to pay the balance of contributions it owes for work performed by its employees during the month of July, 2009, and has not paid any contributions for work performed by its employees during the months of August, September, and October, 2009. According to remittance reports that Tri-State submitted to the Funds, by which it delineated the hours worked by each of its employees per month, Tri-State continues to owe contributions totaling $19,309.25 for work performed in July, 2009, $53,864.68 for work performed in August, 2009, and $68,633.15 for work performed in September, 2009. Contributions due for work performed in October, 2009 are currently unliquidated because the Funds have not yet received a remittance report from Tri-State for that month.

18. Further, Tri-State will owe interest once its outstanding contributions for July through October, 2009 have been paid, but the interest owed for these late payments cannot be calculated until they are in fact paid.

19. Funds' counsel demanded payment of the delinquent July and August, 2009 contributions via certified mail sent to Tri-State on September 18, 2009. A copy of Funds' counsel's September 18, 2009 letter, along with the signed return receipt, is attached hereto as Exhibit D. September, 2009 contributions subsequently came due on October 15, 2009, and October, 2009 contributions subsequently came due on November 15, 2009.

20. To date, the aforementioned contributions remains due and owing.

## COUNT I - VIOLATION OF ERISA - UNPAID AND UNDERPAID CONTRIBUTIONS

21. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 20 above.

22. Absent an order from this Court, the Defendant will continue to refuse and fail to pay the contributions it owes the Funds for the months of July through October, 2009, and the Funds and their participants will be irreparably damaged.

23. The failure of Tri-State to make payment of all contributions owed on behalf of all covered employees violates §515 of ERISA, 29 U.S.C. §1145.

24. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF THE COLLECTIVE BARGAINING AGREEMENT

25. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 24 above.

26. The failure of Tri-State to pay contributions owed on behalf of all covered employees violates the terms of the NECA Agreement.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs request this Court to grant the following relief:

a. Order the attachment by trustee process of the bank accounts of Tri-State held by Middlesex Savings Bank;

b. Order the attachment of the machinery, inventory and accounts receivable of Tri-State;

c. Enter a preliminary and permanent injunction enjoining Tri-State from refusing or failing to make payment of contributions owed to Plaintiff Funds;

d. Enter judgment in favor of the Plaintiff Funds on Count I in the amount of $141,807.08, representing contributions owed for July through September, 2009, together with an as-yet unliquidated amount of contributions owed for the month of October, 2009, plus any additional amounts determined by the Court to be owed the Funds or which may become due during the pendency of this action, together with interest on the unpaid contributions, liquidated damages, attorneys' fees and costs, pursuant to 29 U.S.C. §1132(g)(2);

e. Enter judgment in favor of the Plaintiff Funds on Count II in the amount of $141,807.08, representing contributions owed for July through September, 2009, together with an as-yet unliquidated amount of contributions owed for the month of October, 2009, plus any additional amounts determined by the Court to be owed the Funds or which may become due during the pendency of this action; and

f. Such further and other relief as this Court may deem appropriate.

Respectfully submitted,

RICHARD P. GAMBINO, as he is
ADMINISTRATOR, ELECTRICAL
WORKERS' HEALTH AND WELFARE
FUND, LOCAL 103, I.B.E.W., *et al.*,

By their attorneys,

*/s/ Gregory A. Geiman*

Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman
BBO #655207
Segal Roitman, LLP
111 Devonshire Street, 5th Floor
Boston, MA 02109
(617) 742-0208 Ext. 252
ggeiman@segalroitman.com

Dated: November 17, 2009

## VERIFICATION

I, Richard P. Gambino, Administrator for the Electrical Workers' Health & Welfare Fund, Local 103, I.B.E.W., verify that I have read the above Complaint, and the allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 16 DAY OF NOVEMBER, 2009.

*/s/ Richard P. Gambino*
Richard P. Gambino

GAG/gag&ts
3013 09-256/complt.doc